RECEIVED
IN LAKE CHARLES, LA

JUL 15 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

00-20030-10

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. CR 20030-10 |
| | | 05 CV 710 |
| VS. | : | JUDGE MINALDI |
| BRENT JOSEPH LEWIS | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is a "Motion by Defendant for Order Granting Relief From Judgment Under Federal Rules of Civil Procedure, 60(B)(6)", [doc. #530] and a "Motion by Defendant to Amend and/or Modify Judgment and Sentence Pursuant to 18 U.S.C. § 3553(A) and U.S.S.G § 5G1.3(B)" [doc. #536] filed by Petitioner, Brent Joseph Lewis.

## FACTUAL AND PROCEDURAL HISTORY

On March 15, 2000, a federal grand jury returned a twenty-four count indictment against fourteen individuals including Defendant, Brent Joseph Lewis, who was named in Counts One and Seven. On September 8, 2000, pursuant to a written plea agreement, Lewis pleaded guilty to Count One which charged him with distributing 4.1 grams of cocaine base. On February 14, 2001, Lewis was sentenced to 188 months imprisonment.

On March 29, 2004, Lewis filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion was denied as untimely on August 16, 2004. On March 11, 2005, Lewis filed a motion seeking relief from judgment pursuant to Federal Rules of Civil Procedure 60 (B)(6). Due to the relief requested in the motion, this Court issued an order on May 12, 2005, placing Lewis on notice that it intends to construe his motion [doc. #530] as a motion filed pursuant to 28 U.S.C. § 2255. Lewis objected to that order stating that "he has absolutely no intention of withdrawing

his motion for relief of judgment or in any way recharacterizing it as a motion under Section 2255. . . ."

On March 16, 2005, Lewis filed a motion to modify his sentence pursuant to 18 U.S.C. § 3553(A) and U.S.S.G. § 5G1.3(B) [doc. #536] wherein he complains of not receiving credit for time served and the manner in which his sentence was executed. On May 20, 2005, this Court ordered the United States to respond to this motion. The government has responded to both motions and they are ready to be decided.

## LAW AND ANALYSIS

*Motion for relief pursuant to Federal Rule of Civil Procedure (60)(b)(6)*

Lewis concedes that if the motion were construed as a § 2255 motion, it would be a second or successive motion under Section 2255 which would be subject to the gatekeeping provisions of 28 U.S.C. § 2244(b)(3) and (4) and the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to AEDPA, the defendant must receive authorization from the court of appeals before he can file this successive § 2255 motion.[1] Lewis has not received authorization from the court of appeals to file a successive § 2255 motion. Thus, even though we ordered that the motion would be construed as a § 2255 motion, the Court will also consider it as originally filed, – a motion to modify pursuant to Federal Rule of Civil Procedure 60(b)(6).

Federal Rules of Civil Procedure 60(b)(6) provides that on motion, the court may relieve a party from a final judgment for any other reason justifying relief from the operation of the judgment. The motion must be made within a reasonable time. However, once a term of imprisonment has been imposed, a district court can only modify the sentence based on the exceptions delineated in 18 U.S.C.

---

[1] 28 U.S.C. §§ 2255, 2244(b)(3)(A). *United States v. Orozco-Ramirez*, 211 F.3d 862 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

2

§ 3582. The first exception, 18 U.S.C. 3582 (c)(1)(A), must be pursuant to a motion by the Director of the Bureau of Prisons. Thus, it is not applicable to the instant matter.

§ 3582(c)(1)(B) provides that a term of imprisonment may be modified to the "extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Federal Rule of Criminal Procedure 35(a) permits the court to correct a sentence that was imposed as a result of an arithmetical, technical or other clear error. However, under this rule, the sentence must be corrected within seven (7) days after sentencing. Hence, Rule 35(a) is not applicable.

Federal Rule of Criminal Procedure 35(b) permits a reduction in sentence for a defendant's substantial assistance. However, this must be on motion of the government and be made within one year of sentencing. Thus, Lewis is not entitled to relief under this Rule 35(b).

28 U.S.C. § 2255 is a statute that permits a defendant in federal custody to file a motion to vacate, set aside or correct sentence.[2] However, as previously stated, Lewis has already filed an unsuccessful § 2255 motion and has not been granted the authority from the court of appeals to file a successive § 2255 motion.

Another exception, 18 U.S.C. 3582(c)(2), provides that if a defendant has received a sentence based on a sentencing range which has subsequently been lowered by the Commission, the Court may reduce the term of imprisonment, but only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Likewise, this exception is not applicable to Lewis' motion to modify.

*Motion by Defendant to Amend and/or Modify Judgment and Sentence pursuant to 18 U.S.C. § 3553 (A) and U.S.S.G. § 5G1.3(B)*

In this motion Lewis claims that he should have received good time credit for time served

---

[2] *United States v. Lopez,* 26 F.3d 512, 515 (5th Cir. 1994).

3

during his federal incarceration while standing trial for his federal conviction. He also claims that his state and federal sentences should run concurrently instead of consecutively. First, Lewis has made no presentation to this Court that he has exhausted his administrative remedies with the Federal Bureau of Prisons. Thus, this Court is without jurisdiction to hear the matter.

## CONCLUSION

Based on the foregoing reason, the Motion by Defendant for Order Granting Relief From Judgment Under Federal Rules of Civil Procedure, 60(B)(6), [doc. #530] and the Motion by Defendant to Amend and/or Modify Judgment and Sentence Pursuant to 18 U.S.C. § 3553(A) and U.S.S.G § 5G1.3(B) [doc. #536] filed by Petitioner, Brent Joseph Lewis, will be denied.

Lake Charles, Louisiana, this 12 day of July, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE